■ PAULA BARRICK, Appellant, v GENE TURVIN et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (McCarthy, J.), dated July 5, 1988, which granted the defendants' motion to set aside a jury verdict in favor of the plaintiff, finding the defendants 100% at fault in the happening of the accident, as against the weight of the evidence, and (2) a resettled order of the same court entered July 20, 1988, which, inter alia, granted the defendants' motion to set aside the verdict as against the weight of the evidence.

Ordered that the appeal from the order dated July 5, 1988, is dismissed, as that order was superseded by the order entered July 20, 1988; and it is further,

Ordered that the resettled order entered July 20, 1988, is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

Pursuant to CPLR 4404 (a), a trial court may set aside a verdict which is contrary to the weight of the evidence and order a new trial. We find that the trial court did not improvidently exercise its discretion in setting aside the jury verdict

as contrary to the weight of the evidence *(see, Nicastro v Park,* 113 AD2d 129).

The plaintiff was the only witness to testify in her behalf. However, two impartial and independent witnesses testified that they saw the plaintiff's car enter the intersection against a red traffic signal.

We find, therefore, that it was not unreasonable for the trial court to set aside the verdict, which found the defendants to be 100% at fault in the happening of the accident as contrary to the weight of the evidence. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.